IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GERALD HOWARD,

    Petitioner,                      No. 2:11-cv-0991 JAM CKD P

    vs.

M. MARTEL,                            ORDER

    Respondent.

_____/

I. Introduction

    Petitioner is a state prisoner who seeks habeas relief pursuant to 28 U.S.C. § 2254 for his 2008 conviction for first degree murder with special circumstance, and his resulting sentence of life without the possibility of parole. Petitioner commenced this action on April 13, 2011 and was appointed counsel on August 26, 2011. (Dkt. Nos. 1, 20.) Following a status conference, petitioner was granted leave to file an amended petition. (Dkt. Nos. 28, 29.)

    Pending before the court is petitioner's July 20, 2012 motion to stay this action pursuant to Rhines v. Weber, 544 U.S. 269 (2005) while petitioner exhausts state remedies as to a new claim. (Dkt. No. 49 ("Mtn.").) Along with his motion, petitioner submits an amended petition containing two previously-exhausted claims (Claims 1 and 2) and an unexhausted claim (Claim 3). (Dkt. No. 49-1 ("Am. Pet.").) Respondent has filed an opposition to the motion, and

1

petitioner has filed a reply. (Dkt. Nos. 50, 52.) For the following reasons, the court will grant petitioner's motion to stay.

II. Discussion

Under Rhines, the court may stay a mixed petition containing both exhausted and unexhausted claims pending exhaustion of the unexhausted claims if petitioner shows that (1) the unexhausted claims are potentially meritorious; and (2) petitioner had good cause for his earlier failure to exhaust state remedies. As to the unexhausted Claim 3, the court addresses these factors in turn.

A. Merits

Claim 3 asserts that petitioner "was denied his right to effective assistance of trial counsel in violation of the Sixth and Fourteenth Amendments when trial counsel failed to adequately investigate and present a defense based on diminished actuality." (Am. Pet. at 32.)

1. Facts

As background to this claim, the court recounts the following facts set forth in the January 8, 2010 opinion of the Court of Appeal, Third Appellate District:

> Defendants Gerald Howard and Carmel Murphy lured Donte Rogers to a park, shot him in the head and abdomen, and emptied the pockets of his pants. In a joint trial with separate juries, Howard was found guilty of first degree murder while lying in wait and misdemeanor petty theft, both while armed. Murphy was found guilty of first degree murder and robbery, both while armed.
>
> Howard was sentenced to life without the possibility of parole for the murder, an additional one year for the arming enhancement, and an additional six months for misdemeanor theft. . . .
>
> Murphy was sentenced to life without the possibility of parole for the murder, an additional one year for the arming enhancement, and an additional three years (stayed) for the robbery.
>
> . . .
>
> Howard's defense was that he was the "duped pawn" and Murphy was the "queen." To support his defense, he introduced the testimony of Tawon Woodruff, who had met Howard on a number of occasions. According to Woodruff, Howard was "weak-

1  minded," unintelligent, and did things he did not want to do.
2  Howard also introduced the testimony of his sister, Leslie Knight. According to Knight, Howard was slow to understand things and gullible.

(Dkt. No. 49-6 at 2-3.)

In the Amended Petition, petitioner asserts the following factual basis for Claim 3:

> A [June 2012] neuropsychological evaluation of Mr. Howard revealed many things. As noted by Dr. Edwards, "Mr. Gerald Howard is a psychiatrically very sick man in spite of being on antipsychotic and antidepressant medication. His relationship with reality is changeable and colored by depression and by paranoid ideation." Ex. B., p. 6.
>
> Mr. Howard suffered head trauma when he was about six or seven years old and again when he was about 15 or 16 years old. The traumatic injuries most likely resulted in brain damages which triggered seizures. Id.
>
> Mr. Howard has suffered from various forms of mental illness since he was a child. Initially, he was diagnosed with ADHD, but his parents refused the medication. He was diagnosed with Dysthymia in school. Ex. B., p. 2. Mr. Howard was committed to a psychiatric hospital in 2004 in San Diego and was diagnosed with Major Depressive Disorder. Following his arrest on the present charge, Mr. Howard suffered a psychotic breakdown with auditory hallucinations. Ex. B., p.2.
>
> It is Dr. Edwards' opinion that this information should have been introduced into evidence as a mitigating circumstance. Ex. B., p. 4. Under California law, evidence of a mental condition can establish a defense of diminished actuality to show that he actually lacked the mental state required for the crime.

(Am. Pet. at 32-33, citing Dkt. No. 49-3 (Am. Pet., Ex. B).)

2. <u>Legal Analysis</u>

Petitioner argues in Claim 3 that his trial counsel rendered ineffective assistance by failing to adequately investigate his mental health problems and defend him on that basis. If and when the California Supreme Court denies Claim 3 on the merits, this court will necessarily review whether that decision was an "unreasonable application" of Supreme Court precedent under AEDPA. For purposes of the instant motion, the court is tasked with determining whether

3

1   Claim 3 is "potentially meritorious" under Rhines.

2   The test for demonstrating ineffective assistance of counsel is set forth in Strickland v. Washington, 466 U.S. 668 (1984).  First, a petitioner must show that, considering all the circumstances, counsel's performance fell below an objective standard of reasonableness.  Strickland, 466 U.S. at 688.  To this end, the petitioner must identify the acts or omissions that are alleged not to have been the result of reasonable professional judgment.  Id. at 690.  The federal court must then determine whether in light of all the circumstances, the identified acts or omissions were outside the wide range of professional competent assistance.  Id.

Second, a petitioner must affirmatively prove prejudice.  Strickland, 466 U.S. at 693.  Prejudice is found where "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  Id. at 694.  A reasonable probability is "a probability sufficient to undermine confidence in the outcome."  Id.

In extraordinary cases, ineffective assistance of counsel claims are evaluated based on a fundamental fairness standard.  Williams v. Taylor , 529 U.S. 362, 391-93 (2000).

Under Rhines, a district court abuses its discretion to grant a stay when petitioner's unexhausted claim is "plainly meritless."  544 U.S. at 277; see also Cassett v. Stewart, 406 F.3d 614, 623-624 (9th Cir. 2005) ("We now join our sister circuits in adopting the Granberry[1] standard and hold that a federal court may deny an unexhausted petition on the merits only when it is perfectly clear that the applicant does not raise even a colorable federal claim.").

Respondent argues that Claim 3 does not meet this low bar.  He cites Stokley v. Ryan, 659 F.3d 802 (9th Cir. 2011), in which the Ninth Circuit affirmed the district court's denial of an ineffective assistance claim.  In that case, the "record compel[led] the conclusion that counsel generally undertook 'active and capable advocacy' on Stokley's behalf" (id. at 812), and the Ninth Circuit rejected the claim that trial counsel "was required to order an entire battery of

---

[1] Granberry v. Greer, 481 U.S. 129, 135 (1987).

neuropsychological tests." (Id. at 813.) At this stage of the instant case and on a different set of facts, Stokley does not foreclose a favorable ruling on the merits of petitioner's ineffective assistance claim.

Respondent also cites Earp v. Cullen, 623 F.3d 1065 (9th Cir. 2010), in which the Ninth Circuit affirmed the denial of an ineffective assistance claim after "numerous" evidentiary hearings. Id. at 1068. Earp claimed trial counsel was ineffective based on (1) inadequate investigation of organic brain damage; and (2) inadequate investigation of Earp's background. (Id. at 1075.) After reviewing a complete evidentiary record, the Ninth Circuit "agree[d] with the district court's finding that 'the possibility of brain damage was carefully considered before being excluded[,]'" and rejected Earp's ineffective assistance claim. (Id. at 1077.) However, as before, the Ninth Circuit's fact-driven conclusion does not foreclose a "potentially" favorable ruling on the merits of petitioner's claim.

In reply, petitioner cites Caro v. Woodford, 280 F.3d 1247 (9th Cir. 2002), in which the Ninth Circuit held that defense counsel's failure to fully investigate Caro's brain damage and present it at the sentencing phase constituted ineffective assistance of counsel. As in Earp, the Ninth Circuit weighed the evidence adduced in an evidentiary hearing in reaching its conclusion. The Ninth Circuit concluded that, on the facts presented, "counsel's failure to investigate or present evidence of Caro's brain damage was not strategic" and thus could not be excused "as a matter of tactical decisionmaking." Id. at 1255. Rather, counsel's performance was "constitutionally deficient" and prejudicial to Caro. (Id. at 1256-1258.)

In light of these cases and for purposes of ruling on petitioner's Rhines motion, the court concludes that Claim 3 has sufficient potential merit to go forward.

B. Good Cause

Petitioner asserts that his serious mental health problems and lack of appointed counsel in state post-conviction proceedings constitute good cause for failing to timely exhaust Claim 3. In a June 2012 psychological evaluation of petitioner, attached to the motion to stay,

Case 2:11-cv-00991-JAM-CKD   Document 54   Filed 09/27/12   Page 6 of 7

Dr. Daniel Edwards found that petitioner suffered from various mental disorders, including Cognitive Disorder, NOS; Major Depressive Disorder with psychotic features; Schizophrenia, paranoid type; and Borderline and Antisocial Personality Features.  (Dkt. No. 49-3 at 7.)  As to general neurophysical deficits, Dr. Howard concluded that petitioner was "affected in a number of areas such as Executive Functions, Attention and Concentration, Speed of Information Processing, Spatial Skills, Verbal/Academic Skills, Verbal Learning, Memory, Motor Control, and Fine Motor Skills."  (Id. at 5.)

Moreover, after petitioner's current habeas counsel was substituted in on September 13, 2011, it "took new counsel time to obtain and review the trial transcripts (about 3000 pages), obtain and review trial counsel's file (four bankers boxes), meet with the client in prison, secure an expert and make arrangements for the expert to meet with [petitioner] in prison" and prepare the amended petition.  (Dkt. No. 49 at 7.)

Rhines does not go into detail as to what constitutes good cause for failure to exhaust, and the Ninth Circuit has provided no clear guidance beyond holding that the test is less stringent than an "extraordinary circumstances" standard.  Jackson v. Roe, 425 F.3d 654, 661–62 (9th Cir. 2005).  Several district courts have concluded that the standard is more generous than the showing needed for "cause" to excuse a procedural default.  See, e.g., Rhines v. Weber, 408 F. Supp. 2d 844, 849 (D.S.D. 2005) (applying the Supreme Court's mandate on remand).  This view finds support in Pace v. DiGuglielmo, 544 U.S. 408 (2005), where the Supreme Court acknowledged that a petitioner's "reasonable confusion" about the timeliness of his federal petition would generally constitute good cause for his failure to exhaust state remedies before filing his federal petition.  544 U.S. at 416–17.

Respondent does not argue that petitioner lacks good cause, but limits his argument to the potential merit of Claim 3, discussed above.   Here, the court finds that petitioner has shown the requisite good cause for failure to exhaust Claim 3.  Nor does it appear that petitioner engaged in intentionally dilatory litigation tactics.  Rhines, 544 U.S. at 277-278.

6

IV.  Conclusion

      Accordingly, IT IS HEREBY ORDERED THAT:

      1. Petitioner's motion for a <u>Rhines</u> stay (Dkt. No. 49) is granted, pending exhaustion of Claim 3 in the amended petition;

      2. Petitioner is directed to inform this court and file a request to lift the stay within thirty days of a decision by the California Supreme Court concluding state habeas review. Failure to timely inform the court will result in dismissal of the federal claim; and

      3. The Clerk shall administratively close this case for purposes of case status pending exhaustion.

Dated: September 26, 2012

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2
howa0991.stay