UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALD HOWARD,<br><br>        Petitioner,<br><br>    v.<br><br>M. MARTEL,<br><br>        Respondent. | No. 2:11-cv-0991 JAM CKD P<br><br><br>ORDER |

      Petitioner is a state prisoner proceeding in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner was appointed counsel on August 26, 2011, and his current counsel, Ms. Hart, was substituted in as his counsel shortly thereafter. (ECF Nos. 20, 25.) Since that time, petitioner through counsel has filed an amended petition (ECF No. 49-1), moved to stay this action to exhaust state remedies as to a new claim (ECF No. 54), and filed a reply to respondent's opposition to the petition (ECF No. 60-1). Insofar as appointed counsel's performance is reflected in the record of this action, the court finds no cause for complaint. Petitioner nonetheless has filed a motion to appoint substitute counsel, alleging "severe incompatibility" with his current counsel. (ECF No. 62.)

/////

There currently exists no absolute right to appointment of counsel in habeas proceedings. See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996). However, 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage of the case "if the interests of justice so require." See Rule 8(c), Fed. R. Governing § 2254 Cases. Under §3006A, motions by habeas petitioners to substitute counsel should be decided under the "interests of justice" standard. Martel v. Clair, 132 S. Ct. 1276, 1284-1286 (2012) ("Section 3006A applies the 'interests of justice standard to substitution motions even when the Sixth Amendment does not require representation; . . . for example, when a court provides counsel to a non-capital habeas petitioner.").

Under the particular circumstances of Martel, the United States Supreme Court held that "the [district] court's failure to make any inquiry into [the petitioner's] allegations" before denying his motion to substitute counsel did not constitute an abuse of discretion. Id. at 1287-1288. Generally speaking, however, the Court observed that

> [a]s all Circuits agree, courts cannot properly resolve substitution motions without probing why a defendant wants a new lawyer. See, e.g., United States v. Iles, 906 F.2d 1122, 1130 (C.A.6 1990) ("It is hornbook law that '[w]hen an indigent defendant makes a timely and good faith motion requesting that appointed counsel be discharged and new counsel appointed, the trial court clearly has a responsibility to determine the reasons for defendant's dissatisfaction ...' " (quoting 2 W. LaFave & J. Israel, Criminal Procedure § 11.4, p. 36 (1984))). Moreover, an on-the-record inquiry into the defendant's allegations "permit[s] meaningful appellate review" of a trial court's exercise of discretion. United States v. Taylor, 487 U.S. 326, 336–337, 108 S. Ct. 2413, 101 L.Ed.2d 297 (1988).

Id. at 1288. Here, as noted above, the record indicates that appointed counsel is ably representing petitioner. Moreover, the petition is fully briefed. It may be that, under Martel, these "factors would . . . provide ample basis to reject" petitioner's motion without further inquiry. Id. In an abundance of caution, however, the court will direct appointed counsel to file a response to petitioner's allegations so that the court may resolve petitioner's motion based on a complete record.

////

////

1     Accordingly, IT IS HEREBY ORDERED THAT within thirty days of the date of this

2 order, petitioner's appointed counsel will file a response to petitioner's motion to appoint new

3 counsel.

4 Dated:  December 30, 2013

                                                     CAROLYN K. DELANEY  
                                                     UNITED STATES MAGISTRATE JUDGE

2 / howa0991.ord